**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **DAVID M. SHERROD,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-402 |
| | ) | (Phillips) |
| **UNITED COMMUNITY BANK, INC.,** | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion to dismiss plaintiff's complaint [Doc. 6]. Plaintiff has responded in opposition [Doc. 18]. For the reasons which follow, the defendant's motion to dismiss will be denied.

### I. BACKGROUND

Plaintiff David Sherrod suffered an on-the-job injury from an accidental fall at defendant United Community Bank, Inc. on February 28, 2005 and filed a workers' compensation claim. The Bank terminated plaintiff for ostensibly poor job performance on May 7, 2008. Following Sherrod's termination, he settled his workers' compensation claim, which settlement was approved by Order of the Circuit Court for Blount County, Tennessee on August 28, 2008. Approximately one week later, on September 5, 2008, Sherrod filed the instant action in the Circuit Court for Blount County, alleging retaliatory discharge, age

and handicap discrimination under Tennessee law. On October 1, 2008, the Bank removed the action to this court, citing diversity jurisdiction under 28 U.S.C. § 1332.

## II. MOTION TO DISMISS

The Bank asserts that Sherrod's complaint fails to state a claim upon which relief can be granted as he is attempting to assert the same claims that he has already released, discharged and waived in the workers' compensation action, with regard to which there has been accord and satisfaction. Sherrod, on the other hand, argues that the Order approving workers' compensation settlement resolves the issues of workers' compensation only, and does not address the claims contained in his complaint for retaliatory discharge, age and handicap discrimination.

The Order approving worker's compensation settlement filed by the parties in the Blount County Circuit Court provides:

> 5. That on the advice of his attorney and subject to the approval of this court, the plaintiff employee, the defendant employer, and the defendant insurer have agreed upon a settlement of all matters in controversy between them, by payment by the defendant employer and the defendant insurer of the medical, surgical, hospital and incidental medical benefits as set forth above and the payment by the defendant employer and the defendant insurer to the plaintiff employee for the final settlement in the amount of Fifty Thousand Three Hundred Fifty Three Dollars and 69/00 [sic] ($54,353.69), which amount is equal to or greater than the compensation which would be due the plaintiff employee for a 23.3% permanent partial disability to the body as a whole, in accord with the terms and provisions of the Workers' Compensation Law of the State of Tennessee;

> 6. That the plaintiff employee, on the advice of his attorney, and subject to the approval of this court, in consideration of the payment by the defendant employer and the defendant insurer of the amounts set forth above, receipt of which the plaintiff employee has acknowledged, has remised, released and forever discharged the defendant employer and the defendant insurer . . . from any and all further liability and indemnity for any injuries the employee claims to have sustained as a result of his injury on February 28, 2005, including but not limited to his right wrist, neck, and back, under the terms and provisions of the Workers' Compensation Law of the State of Tennessee . . . as a result of his employment for the defendant employer, or disabilities resulting from or to result therefrom . . . .

The scope of a release, like any contract, depends on ascertaining the intent of the parties at the time of signing the release. The dispositive inquiry is "what did the parties intend?" Intent is determined by reviewing the language of the entire instrument and all surrounding facts and circumstances under which the parties acted in light of the applicable law at that time. The Tennessee Supreme Court has explained that

> the scope and extent of a release depends on the intent of the parties as expressed in the instrument. A general release covers all claims between the parties which are in existence and within their contemplation; a release confined to particular matters or causes operates to release only such claims as fairly come within the terms of the release . . .
>
> A release which is confined or which is construed as being confined to claims or demands arising from, or relating to, a specified matter operates to release all the particular claims or demands properly embraced in the specifications, but it does not release other claims or demands . . . .

*Cross v. Earls*, 517 S.W.2d 751, 752 (Tenn. 1974).

In light of the foregoing authority, the court disagrees with the Bank's characterization of the Order approving workers' compensation settlement as being a "general release." Rather than generally purporting to settle all claims between the parties, the release specifically sought to settle only Sherrod's claims for "any injuries the employee claims to have sustained as a result of his injury on February 28, 2005, including but not limited to his right wrist, neck, and back . . . " The order indicated that the parties wished to settle and compromise this matter on the basis of payment for "medical, surgical, hospital and incidental medical benefits . . . and payment . . . of Fifty Thousand Three Hundred Fifty Three Dollars and 69/00 ($54,353.69) . . . for a 23.3% permanent partial disability to the body as a whole." The plain meaning of the release language contained in the Order was that Sherrod was relieving the Bank from any further liability for the physical injuries he sustained on February 28, 2005. Contrary to the Bank's argument, this language does not relieve the Bank of further liability for any and all claims arising out of the parties' employment relationship. *See Reed v. Alamo Rent-A-Car, Inc.,* 4 S.W.3d 677, 692 (Tenn.App. 1999). There is nothing in the document pertaining specifically to the current causes of action for retaliatory discharge, age or handicap discrimination, although those causes of action were in existence prior to the time that the release was executed.

Moreover, the Bank was represented by experienced counsel during the negotiation and drafting of the settlement Order. It is incredulous that the Bank's counsel would not address discrimination claims in the settlement Order, if in fact, the claims were within the parties' contemplation at the time of the signing of the Order. Accordingly, the court finds that the release language contained in the Order approving workers'

compensation settlement does not bar Sherrod's claims for retaliatory discharge, age and handicap discrimination. In his present complaint, Sherrod alleges that the Bank wrongfully discharged him because he asserted his right to workers' compensation benefits, and he further alleges that the Bank discriminated against him because of his age and/or handicap status. As stated above, the language of the Order approving workers' compensation settlement focused on Sherrod's February 28, 2005, on-the-job injury. Nothing in the document pertained to the separate causes of action alleged in the present case, although these potential claims existed prior to the time when Sherrod agreed to the release language. This conclusion is further supported by the fact that the consideration given in exchange for the settlement pertained only to disability benefits for Sherrod's February 28, 2005 on-the-job injury.

## III. CONCLUSION

For the reasons stated above, the court finds that plaintiff's complaint for retaliatory discharge, age and handicap discrimination is not barred by the Order approving workers' compensation settlement. Accordingly, defendant's motion to dismiss [Doc. 6] is **DENIED.**

          **ENTER:**

            s/ Thomas W. Phillips
            United States District Judge